[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is a request for a prejudgment remedy in the form of replevin. The plaintiff seeks the return of the white toy poodle "Cupid" to whom he claims a right of possession as well as ownership.
Unfortunately, the true facts in this matter are obscure because of the conflicting nature of the testimony. The plaintiff claims he was given the dog by a woman called Jean Wanat on October 28, 1998. Ms. Wanat had obtained Cupid from a Ms. Pearlman almost a year before.
On April 17, 2001, while the plaintiff was in possession of the dog at CT Page 10730 his home, the dog was found to be missing, apparently inadvertedly let outside. The defendant found the dog and took him to the Animal Shelter, where he was found not to have a license. He did wear a veterinarian's tag and was thus traced to Ms. Wanat. The plaintiff learned Cupid was at the shelter and claimed ownership. The defendant expressed an interest in adopting the dog and filed an application to that end.
When contacted by the shelter, Ms. Wanat, verbally, and in a signed writing, said she in fact was the present owner of the dog and intended to return it to Ms. Perlman. In direct contradiction thereof, she testified under oath in court that she had given the dog to the plaintiff, sometime before the dog was lost.
Based on Wanat's' verbal and written assertions to the personnel at the animal shelter, the defendant was allowed to adopt (or Ms. Pearlman gave) the dog to the defendant.
The issue in this case is the ownership of the dog as of April 17, 2001 and the possessory right thereto. The burden of proof is on the plaintiff to prove his case by a preponderance of the evidence. The court finds the incongruous statements of Ms. Wanat to be worthless, and the self-serving testimony[1] of the plaintiff and his wife did not advance his case. The plaintiff has failed to carry his burden of proof, and therefore the court finds in favor of the defendant.
The plaintiff's application for a prejudgment remedy of replevin is denied.
So Ordered.
 _______________________ D'ANDREA, J.T.R.